IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
                             EASTERN DIVISION

ALONZO BUTLER,                        )
                                      )
                Plaintiff,            )
                                      )
     v.                               )     No.  09 C 3009
                                      )
CITY OF HARVEY, et al.,               )
                                      )
                Defendants.           )

                         MEMORANDUM ORDER

     City of Harvey ("City") and its Police Officer Jeff Crocker

("Crocker") have filed their Answer and Affirmative Defenses

("ADs") to the Complaint brought against them by Alonzo Butler

("Butler").  This memorandum order is issued sua sponte because

of the problematic nature of the ADs.

     It is of course fundamental that Fed. R. Civ. P. 8(c) and

the caselaw applying that Rule require that the well-pleaded

allegations of a complaint are accepted as gospel for AD

purposes, while at the same time some other reason either negates

or lessens the responding party's liability based on those

allegations--see also App'x ¶5 to State Farm Mut. Auto. Ins. Co.

v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001).  But in this

instance:

          1.  AD 1 claims state law immunity "in that the

     Defendants' actions did not constitute wilful and wanton

     misconduct."  That premise flouts the many allegations in

     the Complaint that Crocker's actions did constitute wilful

and wanton conduct.

     2.  Crocker's claim of qualified immunity in AD 2 cannot stand in the face of the Complaint's allegations.

     3.  As to AD 3, any assertion that Butler was guilty of "negligent, willful or deliberate conduct" is at odds with the Complaint's allegations.  Hence that AD cannot stand either.

     4.  AD 4's assertion that the use of force against Butler was justifiable "as it was necessary to protect the defendants and others against the imminent use of physical force by the plaintiff" is at odds with the allegations of paragraphs 35 and 37 of each of the first three counts of the Complaint, which describe <u>Crocker's</u> conduct as "committed with reckless disregard for the safety of others" and "reckless indifference to the rights and safety of others."

For those reasons, all of the ADs are stricken.  This ruling does not of course operate to the ultimate detriment of City or Crocker, for they have put Butler's allegations into issue by their denials in the Answer.

_____
Milton I. Shadur
Senior United States District Judge

Date:  July 24, 2009